**\*\*E-filed 1/3/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PHILIP T. PRINCE, etc.,

    Plaintiff,

  v.

JEFFREY S. BERG, et al.,

    Defendants.
_____/

No. C 10-4233 RS

**ORDER DENYING MOTION TO REMAND**

## I.  INTODUCTION

This shareholders derivative action was filed in San Mateo Superior Court and was removed here by defendants, based on their contention that the claims arise under federal law. The complaint alleges that nominal defendant Oracle Corporation engaged in a scheme over a number of years to overcharge for products purchased by the federal government. The individual defendants are all directors, and in some cases officers, of Oracle who allegedly authorized, participated in, and/or failed to prevent the alleged overbilling. Plaintiff Philip Prince moves to remand the action to state court, contending that the claims for relief sound in state law only. Prince acknowledges, however, that his state law claims for breach of fiduciary duty and abuse of control depend on whether or not there were underlying violations of the False Claims Act, 31 U.S.C §§ 3729-3733. Prince argues

that because Oracle's potential liability under the False Claims Act is presently being litigated in a *qui tam* action pending against it in another district, the issues of federal law need not be adjudicated in this action. As the existence of False Claim Act violations are nonetheless an element of the wrongdoing that Prince hopes to prove here, and present a substantial, disputed federal issue, the removal based on federal question jurisdiction was proper, and the motion to remand will be denied.

## II.  BACKGROUND

Prince's complaint alleges that between 1998 and 2006, Oracle made sales of software and licenses to the United States government totaling some $1.08 billion, but that through a variety of fraudulent and improper practices, it failed to apply certain discounts to which the government was contractually and legally entitled, resulting in millions of dollars of overcharges. This alleged overbilling scheme is the subject of a *qui tam* action filed in May of 2007 against Oracle in the Eastern District of Virginia, *Paul Frascella v. Oracle Corporation*, Case No. 07-cv-529. The government has intervened in *Frascella*, and is pursuing claims against Oracle based on alleged violations of the False Claims Act.

Here, although the complaint makes extensive reference to the False Claims Act and the allegations in *Frascella*, Prince does not make any claims directly under the act, or any other federal law. Rather, the complaint sets forth two claims for relief under state law against the individual defendants, for breach of fiduciary duty and abuse of control.[1] There is no dispute, however, that the alleged wrongdoing of the individual defendants consisted of their participation in or failure to prevent False Claims Act violations.

---

[1] A nearly-identical derivative action was originally filed in this Court by another Oracle shareholder, *Galaviz v. Berg*, C 10-3392 RS, and the two actions have been deemed related under Civil Local Rule 3-12. The *Galaviz* complaint contains an additional state law claim for relief entitled "unjust enrichment," which expressly asserts that it is based on alleged violations of the False Claims Act. It appears that the *Galaviz* plaintiff believes there would be a basis for federal jurisdiction even under the first two claims.

III. DISCUSSION

Defendants were entitled to remove this action if Prince could have brought it in federal district court originally as a civil action "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1441(a), § 1331. Most commonly, original or removal jurisdiction based on such a "federal question" arises where plaintiffs plead a cause of action created by federal law. As the Supreme Court has recognized, however, there is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction . . . . in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). As the *Grable* court explained, this "doctrine captures the common sense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law . . . ." *Id.*

Under this prong of federal question jurisdiction, the question is whether a plaintiff's claims, even if undisputedly sounding in state law, nonetheless, "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* The *Grable* opinion emphasized that it takes more than a federal element "to open the 'arising under' door," 545 U.S. at 313, and the Supreme Court has subsequently emphasized that only a "slim category" of cases support such jurisdiction. *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

Prince makes two basic arguments that his state law claims do not give rise to federal jurisdiction here. First, Prince argues that because the alleged underlying False Claims Act violations are being litigated in the Eastern District of Virginia, and presumably will be resolved there one way or the other, this action "may not" require any determination at all of whether federal law was contravened. Prince asserts that if Oracle is found liable in *Frascella*, defendants here will be collaterally estopped from relitigating the False Claim Act issues, and that if Oracle is exonerated in *Frascella*, no damages will be recoverable in this action. It is not immediately clear, however, that applying collateral estoppel would be entirely straightforward, given that the individual

defendants here are not parties in *Frascella* and that therefore issues of privity would arise. *See Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir.2000) (issue preclusion applicable only against a person who "was a party or in privity with a party at the first proceeding.") . Similarly, despite Prince's implication that he may abandon this action should *Frascella* resolve in Oracle's favor, his complaint appears to seek to hold defendants liable for embroiling Oracle in this controversy, even if the government ultimately fails to prove its case in the *qui tam* action. Furthermore, regardless of whether collateral estoppel ultimately is available to Prince as one possible avenue for establishing underlying False Claim Act violations, the existence or non-existence of such violations remains a disputed and substantial issue in this case. By Prince's own argument, his state court claims depend on his ability to prove, whether by application of collateral estoppel or otherwise, the alleged underlying federal claims.

Prince's second argument is independent of the fact that the *qui tam* action against Oracle is proceeding in the Eastern District of Virginia. Relying on *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986), and similar cases, Prince contends that even to the extent that the alleged False Claims Act violations represent an element that he must prove here to prevail on his state law claims, that does not automatically confer federal jurisdiction. In *Merrell Dow*, the Supreme Court reasoned that where Congress has declined to provide a private right of action for violations of a federal statute, but state law allows claims based at least in part on a failure to comply with the federal standards, it would undermine Congressional intent for a federal court to exercise "federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law." 478 U.S. at 812.

*Merrell Dow* plainly supports the proposition that a plaintiff's need to establish a federal law violation as an element of a state law claim does not, in and of itself, necessarily give rise to a basis for federal jurisdiction. *See also Wander v. Kaus*, 304 F.3d 856, 858-860 (9th Cir. 2002). The touchstone remains, however, whether there is a necessary, disputed, and substantial federal issue, "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, *supra*, 545 U.S. at 312. In that regard, this

4

action is more like *Grable* than it is like *Merrell Dow* or other cases that have declined to find federal jurisdiction. This is not a case where Congress has declined to provide a private right of action for a violation of federal standards, and state law has in effect merely incorporated those standards into a private claim. Moreover, because the heart of the claims in this action go to the propriety of Oracle's billing practices with respect to the federal government, issues that are of paramount federal concern and therefore the subject of extensive federal regulation and legislation, the questions of federal law are necessarily substantial, and are appropriately resolved in a federal forum. Accordingly, the motion to remand will be denied.

## IV. CONCLUSION

For the reasons set forth above, the motion to remand this action to San Mateo Superior Court is denied.

IT IS SO ORDERED.

Dated: 1/3/2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE